IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LINDA FAYE FINCH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | 1:16-cv-8143-LSC |
| ) | (1:08-cr-204-LSC) |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OF OPINION**

Petitioner Linda Faye Finch ("Finch") filed with this Court a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The Government has responded in opposition to her motion. The motion is due to be denied for lack of jurisdiction.

**I.   Background**

Finch was found guilty by a jury on October 10, 2008, of one count of Conspiracy to Possess Crack Cocaine in violation of Title 18, United States Code, Sections 846, 841(a)(1) and (b)(1)(A); and one count of Possession with Intent to Distribute Crack Cocaine, in violation of Title 18, United States Code, Sections 841(a)(1) and (b)(1)(A). On April 2, 2009, Finch was sentenced to a total prison term of 240 months.

1

Following the imposition of her sentence, Finch did pursue a direct appeal, and on February 9, 2010, the Court of Appeals affirmed her sentence.

On January 6, 2011, Finch filed a § 2255 motion before the Court. *See* 1:11-cv-8002-LSC-TMP. This Court denied her motion on July 24, 2013. The Eleventh Circuit then denied her application for a certificate of appealability.

On August 13, 2016, Finch mailed the instant motion to this Court.

## II. Discussion

Finch contends that Amendment 794 to USSG § 3B1.2, which took effect on November 1, 2015, after her sentencing, makes her eligible for a mitigating role reduction to her sentence. However, this Court lacks jurisdiction to consider her motion.

Before a prisoner may file a second or successive § 2255 motion, the prisoner must first obtain an order from the Eleventh Circuit authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Without the Eleventh Circuit's authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). There is no indication that Finch has received such authorization from the Eleventh Circuit. Therefore, her motion is due to be dismissed for lack of jurisdiction.

### III. Conclusion

For the reasons stated above, the § 2255 motion is due to be denied for lack of jurisdiction.

Additionally, to the extent this dismissal necessitates a ruling on the certificate of appealability issue, one will not be issued by this Court. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Finch's claims do not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Finch's motion, it is due to be denied.

A separate closing order will be entered.

**DONE** AND **ORDERED** ON MAY 3, 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704

3